**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| STEPHEN EUGENE JOHNSON, | § | |
| AH 8857, SO No. 86962, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00085-M-BP |
| | § | |
| DAVID DUKE, | § | |
| Sheriff of Wichita County, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is an Amended Petition for Writ of Habeas Corpus filed by Petitioner Stephen Eugene Johnson. ECF No. 6. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS the Amended Petition for Writ of Habeas Corpus (ECF No. 6).

## I.    BACKGROUND

Petitioner, an inmate confined in the Wichita County Jail in Wichita Falls, Texas, filed the instant Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 6. Petitioner presents two grounds for relief to support his claim that his pretrial detention during his ongoing state criminal proceedings is unlawful. *Id.* at 1-2, 5. Petitioner states that his rights are being deprived under color of law because "[t]hese are not the laws given by God and they are color of law. I never injured anyone or property. There is no corpus delicti." *Id.* at 5. Petitioner also asserts a conspiracy against his rights because "[t]hese laws are not just or fair and these people are conspiring against my common rights that are inalienable that come from God." *Id.*

## II.   LEGAL STANDARDS

"A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Edmon v. Floyd*, No. 3:14-CV-2471-K-BN, 2014 WL 4547810, at *1 (N.D. Tex. Aug. 22, 2014), *report and recommendation adopted,* No. 3:14-CV-2471-K, 2014 WL 4555666 (N.D. Tex. Sept. 15, 2014) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when doing so would result in interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *E.g.*, *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994); *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims if: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* to writs of habeas corpus).

## III.   ANALYSIS

Petitioner's challenge to the validity of pending state criminal charges cannot proceed in this action, and the Court should abstain from exercising jurisdiction over the instant 28 U.S.C. § 2241 petition. All prerequisites to *Younger* abstention exist here. First, there is an ongoing state

criminal proceeding that Petitioner seeks to challenge. *See* ECF No. 6. Second, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984); *see Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) (citing *Younger*, 401 U.S. at 41) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). Finally, Petitioner has the full opportunity to raise his constitutional challenges in state proceedings on direct appeal in the event of a conviction or through a state habeas writ challenging his detention or conviction. *DeSpain*, 731 F.2d at 1176; *Barnes v. Eavenson*, No. 3:14-CV-2366-N, 2014 WL 4414811, at *3 (N.D. Tex. Sept. 8, 2014).

No exception to *Younger* applies, and the undersigned can detect no grounds that would justify considering the merits of Petitioner's claims for relief at this time. Rather, he or his attorney must resort to those remedies afforded by the state court in order to challenge the validity of the state criminal proceedings. In addition, Petitioner's two purported grounds for relief are conclusory in nature with no factual support set forth. As such, they are not viable grounds for relief. "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). Petitioner has offered no facts or circumstances which could demonstrate that he is entitled to relief under 28 U.S.C. § 2241.

## IV.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS the Amended Petition for Writ of Habeas Corpus

(ECF No. 6) under the *Younger* abstention doctrine.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 19, 2017.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE